Daniels, J.
The motion for the reargument proceeds chiefly upon the proposition that the court misapprehended the effect of Pratt v. Jordan (33 Hun, 143), in making the disposition which it did of the appeal in this case. But it did not, for there was reason in that case to construe the answer as it had been construed at the special term, to be wholly qualified by the introductory statement, and that the admissions and denials which followed were intended to be made upon information and belief, while the answer in the present case cannot reasonably be so construed.
The introductory clause is the same in substance as it was in the other case. But after proceeding to make admissions, the important denials contained in it were framed precisely in the language in which that was required to be done by the Code, and they were inserted in the answer in such a manner as to be in no form capable of being construed as dependent upon what was contained in the introductory paragraph. In the second subdivision it is unqualifiedly stated, after the admission that the defendant has not knowledge or information sufficient to form a belief as to the terms and conditions of the trust. In the third the denials are equally as independent; and so is the statement of the fourth, containing the assertion that the defendant denies knowledge or information sufficient to form a belief as to whether the discount of the notes was paid by Jacob E. Myers, and as to whether' the notes were surrendered, etc. The denials in the sixth and eighth paragraphs are made with an equal degree of positiveness. In making neither of these denials were they framed in language in any manner referring to the general statement contained in the introductory paragraph of the answer, but they were so made as to disclose the intention to be, to deny the allegations of the complaint, where denials of that character have been inserted in the answer exclusively by the language used to frame the denials.
If the answer should not be so construed, then it would follow that the court should hold that the defendant by its answer intended to say that it alleged, on information and belief, that it had not knowledge or information sufficient to form a belief as to the terms, etc., and as. to whether the discount for the notes was paid by Jacob E. Myers, etc., and as to the denials contained in the other paragraphs or the complaint. That would be a forced construction, which the language employed would not justify and which there *127 is no warrant for following as this answer was framed. For it does appear by the answer that each subdivision was-intended to be separate and distinct as to the matters to-which it relates, and that the denials contained in these subdivisions were made in the forms and language which exclude the idea that what was first said should be added to them. It is the duty of the court to take the answer as it was framed, and not to endeavor to defeat it by transposing from its introduction a statement not appearing to be designed to be annexed to or to be used to qualify other portions of the answer.
At the close of the trial the defendant moved to dismiss the complaint. On what ground that motion was made or sustained does not appear by the printed case. There is no authority in what transpired at that time for holding that the dismissal proceeded from any defect of parties. That may have entered into the disposition of the case. But as-the dismissal was general, it must be so considered and sustained if no liability was shown at the trial upon which the action could be maintained. That no liability was-shown follows from the fact that the plaintiff was not entitled to maintain her action by reason of any admissions contained in the pleadings.
The motion for a reargument should be denied, with costs.
Brady, J., concurs.